Queen, J.
delivered the opinion of the court.
This is an issue of devisavit vel non. The following paper was propounded as the will of Clara Moore;
“By request. Memorandum of Clara Moore’s will. My boy, Mark, I give to my son, Billy. The rest of my property I give to the children of my two boys, Davy and Jonathan.
“I have a clock, a spinning wheel, two beds and bedsteads, counterpanes, a few chairs, some stock, cooking vessels, a table, furniture, &c. The property to be sold and the proceeds divided, share and share .alike between the children of my boys, Davy and Jonathan, young and old.”
In support of this paper, as the will of Clara Moore, Thomas A. Pasture was called, who proved that Clara Moore, had often, during the last twelve months of her life, requested him to write her will, but he had neglected to do so. That about the last of December, 1845, he heard that she had been to his house in his absence, to procure him to write her will, and that shortly thereafter he went to her house, on Thursday evening. She said she was as well as usual; and the witness told her he had come to write her will, and asked her how she wished her property disposed of. She replied, she wished her son, Billy, to have Mark. Witness wrote that down. The balance of her property she said, she wanted to be sold, and the proceeds to be divided equally between the children of her sons, David and Jonathan Moore; which witness also wrote down in her presence, as she directed. She then enumerated some articles of property she had, and which witness wrote down. The paper exhibited, is the same paper *564 witness then wrote in her presence and as she directed; and she saw him writing it. Witness does not know whether Clara Moore intended that to be her will, but witness intended it only as a memorandum, from which he intended, at his earliest convenience, to draw a formal will. She said she was getting old and wanted it fixed. She was upwards of seventy years old. Witness had often heard her say she wanted her son, Billy, to have Mark. In a few days after the memorandum was taken, witness heard that the old lady was very sick, and that on the next Tuesday afterwards, he heard she was dead; which, he thinks, was the 17th of February, 1846. The witness saw her no more after he left her house, the Thursday before her death.
Several witnesses proved they had heard Mrs. Moore speak of making a will, and that she intended her son, Billy, to have her slave, Mark.
The court charged the jury, among other things not excepted to, in substance, that to make the paper introduced as the will of Clara Moore, her will, it was necessary that the J actum of its execution be proved by two witnesses, though it was not necessary that they, or either of them, should be subscribing witnesses; and that proof by other witnesses, of her intention to dispose of her property by will, in the manner it is disposed of in said paper, would not be sufficient, in aid of the proof of one witness, to establish the paper as her will.
The jury found for the defendants, that the paper propounded, is not the will of Clara Moore, and the plaintiff excepted to the charge of the court, and appealed in error to this court.
It is now insisted, that his Honor erred in ruling, that two witnesses are necessary to prove a will of personal *565 estate; that there being no statute requiring two witnesses in such case, it is to be governed by the common law mode of proof, which requires only one witness to establish a fact. In the case of Sugget vs. Kitchell, (5 Yer. R. 427.) this court held that one witness was not sufficient to establish the execution of a will. The reasoning, and authorities upon which the judgment in that case rests, need not be again repeated. The case has been reviewed, and the authorities cited and re-examined, and we are satisfied the case was correctly adjudged.
In 1 Williams on Executors, 287, 288, it is said, that if the spiritual court refuse to admit the testimony of a single witness, no mandamus, or prohibition will lie; for when the matter is wholly of ecclesiastical cognizance, as the probate of wills, if the proceeding come before the court of delegates by appeal, the common law judge's, who may be appointed members of that court, are bound by the rules of the civilians. And in Toller on Executors, it is said where a will is proved in solemn form, two witnesses are indispensible; for generally, by the civil law, the testimony of two witnesses is requisite; 57.
These authorities show, that the ecclesiastical courts had exclusive jurisdiction of the probate of wills; that those courts were governed by the rules of the civil law; that by the civil law, the testimony of two witnesses is requisite; and that the common law judges, in the court of delegates, in appeals from the ecclesiastical courts, were bound by the rules of the civilians.
It is then, the established law in England, that two witnesses are indispensible to prove a will in solemn form. And why shall we not hold this to be the law of this State* Because it is said, the ecclesiastical courts *566 were governed by the civil law; but that as we have no ecclesiastical courts, the common law mode of proof should obtain in all our tribunals.
The answer is, that although our courts of probate are differently organized from the courts of probate in England, nevertheless the law governing the modes of proceeding, is the same, except as it may have been altered by statute, or the nature of our institutions; and there is certainly no reason to abandon the principle in question; for if the courts were to decide that one witness would be sufficient proof of a will, doubtless the legislature would interpose, and by statute require two. So important has it been deemed in England that two witnesses should prove a will, that it is declared by statute, 1 Vic. ch. 26, not only that there shall be two witnesses, but that they shall be subscribing witnesses. 1 Jar. on Wills, 98.
It is easy to see that if a memorandum like the one before us, could be established as a will, by the oath only of the man who made it, a wide door to fraud and perjuries would be opened. How easy for a party interested, to suborn a witness to prove that he had made such memorandum, at the request of a deceased party, as his will. The rights of distributees demand that we adhere to the former adjudication of this court, which we think, is supported both by principle and authority.
Affirm the judgment.